IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NOS. AP-76,843, AP-76,844, AP-76,845, AP-76,846, AP-76,847, AP-76,848,

AP-76,849, AP-76,850, AP-76,851, AP-76,852, AP-76,853, AP-76,854, AP-76,855,

AP-76,856, AP-76,857, AP-76,858, AP-76,859, AP-76,860





EX PARTE JAMES TIMOTHY BONHAM, Applicant









ON APPLICATIONS FOR WRITS OF HABEAS CORPUS

CAUSE NOS. 26697, 26698, 26748, 26750, 26760, 26761, 26803, 26804, 26805, 26806,
26807, 26808, 26809, 26810, 26811, 26812, 26840 & 26841 

IN THE 354TH DISTRICT COURT

FROM HUNT COUNTY




 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court these applications for writs of habeas
corpus. Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was
convicted of thirteen charges of forgery, four charges of fraudulent use or possession of
identifying information, and one charge of manufacture with intent to sell a counterfeit
instrument. Pursuant to a plea agreement, Applicant was sentenced to twenty years'
imprisonment for each charge. He did not appeal his convictions. 

 Applicant contends that his sentences are illegal because the enhancements alleged
in the indictments did not authorize his twenty-year sentences. We remanded the first
seventeen applications to the trial court for findings of fact and conclusions of law. After
remand, it is clear that Applicant's sentences in the seventeen state jail felonies are illegal.
The trial court recommends granting relief. The State concedes that the case challenged in
the WR-77,224-18 writ application, in which applicant's sentence is within the applicable
punishment range, was part of the same plea agreement that authorized the seventeen illegal
sentences. Applicant is entitled to relief in all of these cases. 

 Relief is granted. The judgments in Cause Nos. 26697, 26698, 26748, 26750, 26760,
26761, 26803, 26804, 26805, 26806, 26807, 26808, 26809, 26810, 26811, 26812, 26840, and
26841 in the 354th District Court of Hunt County are set aside, and Applicant is remanded
to the custody of the Sheriff of Hunt County to answer the charges as set out in the
indictments. The trial court shall issue any necessary bench warrant within 10 days after the
mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal
Justice-Correctional Institutions Division and Pardons and Paroles Division.


Delivered: August 22, 2012

Do not publish